BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE GARY T. YANCEY, DISTRICT ATTORNEY, COUNTY OF CONTRA COSTA, has requested an opinion on the following question:
May a gift certificate for a meal sold by a restaurant contain an expiration date?
 CONCLUSION
A gift certificate for a meal sold by a restaurant may not contain an expiration date.
 ANALYSIS
Civil Code section 1749.5[1] states:
 "(a) On or after January 1, 1997, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date. Any gift certificate sold after that date shall be redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder.
 "(b) A gift certificate sold without an expiration date is valid until redeemed or replaced.
 "(c) This section shall not apply to any of the following gift certificates issued on or after January 1, 1998, provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate:
 "(1) Gift certificates that are distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or other thing of value given in exchange for the gift certificate by the consumer.
 "(2) Gift certificates that are sold below face value at a volume discount to employers or to nonprofit and charitable organizations for fund-raising purposes if the expiration date on those gift certificates is not more than 30 days after the date of sale.
 "(3) Gift certificates that are issued for a food product."
The question presented for analysis concerns the "food product" exemption of section 1749.5, subdivision (c)(3). Does a gift certificate for a meal sold by a restaurant constitute a certificate "for a food product," as that phrase is used in section 1749.5, subdivision (c)? We conclude that the exemption is inapplicable in such circumstances and that gift certificates sold by restaurants containing an expiration date are prohibited.
In determining the scope of the "food product" exemption of section1749.5, we may apply well-established principles of statutory interpretation. When construing a statute, we are to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (Du Bois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 387.) "Committee reports are often useful in determining the Legislature's intent. [Citation.]" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 646.) "`Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.'" (Walnut Creek Manor v. Fair Employment Housing Com. (1991)54 Cal.3d 245, 268.) "`Exceptions to the general rule of a statute are to be strictly construed. In interpreting exceptions to the general statute courts include only those circumstances which are within the words and reason of the exception. . . . One seeking to be excluded from the sweep of the general statute must establish that the exception applies.' [Citation.]" (City of Lafayette v. East Bay Mun. Utility Dist. (1993)16 Cal.App.4th 1005, 1017.)
Applying these principles of statutory construction, we find that section 1749.5 was enacted in 1996 (Stats. 1996, ch. 933, § 1) and amended in 1997 (Stats. 1997, ch. 472, § 1), at which time the exemption "for a food product" was added to the statute. The 1996 enactment codified part of the settlement terms of a lawsuit filed against 18 national retailers, including two restaurant chains, for failing to honor gift certificates which had expired. (Assem. Com. on Consumer Protection, Governmental Efficiency and Economic Development, Rep. on Assem. Bill No. 1054 (1997-1998 Reg. Sess.) as amended May 1, 1997, p. 2.)
Nothing in the committee reports dealing with the proposed "food product" amendment of 1997 suggests that restaurants selling gift certificates were no longer to be subject to the prohibition against certificates containing expiration dates. Specifically, the committee reports refer to supermarket grocery items as constituting the kind of "food product" no longer intended to be subject to the prohibition. For example, the floor analysis prepared for the Senate Rules Committee, Third Reading, August 25, 1997, contains the following statement:
 "The author states that retailers need to be able to put an expiration date on gift certificates for food products in order to close the books on specific transactions, for instance, when an employer buys holiday turkey gift certificates for employees. Typically, the employer deposits a portion of the total potential cost with the retailer, then settles up after the holiday period."
We recognize that a breakfast, lunch, or dinner served at a restaurant involves some aspect of "food" service. However, a restaurant meal does not connote a "food product" in the same sense as a grocery item at a supermarket. Given the complete absence of any suggestion in the statute's legislative history that a restaurant meal is to be considered a "food product," as well as the directive to construe narrowly all statutory exemptions, the language of subdivision (c)(3) cannot reasonably be extended to restaurant meals.[2]
Accordingly, we conclude that a gift certificate for a meal sold by a restaurant may not contain an expiration date.
[1] All references hereafter to the Civil Code are by section number only.
[2] We note that the term "food products" has been defined by the Legislature for sales and use tax purposes as not including when "served as meals on or off the premises of the retailer." (Rev. 
Tax. Code, § 6359, subd. (d)(1).)